**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **ROBIN L. OBER,** )<br>**183 Henleys Mill Road** )<br>**Pittsboro, NC 27312** )<br> )<br>*On behalf of herself and all others* )<br>*similarly situated* )<br> )<br>*Plaintiffs,* )<br>vs. )<br> )<br>**SENTRYLINK, LLC,** )<br>**7500 Greenway Center Drive** )<br>**Suite 1040** )<br>**Greenbelt, MD 20770,** )<br>**(Prince George's County)** )<br> )<br>*Defendant.* )<br><u>**Serve on:**</u> )<br> )<br>**Erica Kane, Resident Agent** )<br>**SENTRYLINK, LLC** )<br>**7500 Greenway Center Drive, Suite 1040** )<br>**Greenbelt, MD 20770** )<br> ) | Civil Action No. _____ |

**CLASS ACTION COMPLAINT**

**I.   PRELIMINARY STATEMENT**

1. This is a consumer class action based upon Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. ("FCRA"). Plaintiff brings this action on behalf of consumers who have been deprived their rights to dispute the accuracy and completeness of the information that Defendant includes in their consumer files.

**II.   JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.     PARTIES

4. Plaintiff Robin Leigh Ober is an adult individual and citizen of the state of North Carolina.

5. Defendant SentryLink LLC ("SentryLink") is a limited liability company with headquarters located at Maryland Trade Center I, 7500 Greenway Center Drive, Greenbelt, Maryland 20770.

### IV.     FACTUAL ALLEGATIONS

**A.     Defendant's Practices As A Consumer Reporting Agency**

6. At all times pertinent hereto, Defendant was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

7. At all times relevant hereto, Plaintiff was a "consumer" as defined by section 1681a(c) of the FCRA.

8. Among other things, the FCRA regulates the collection, assembly, maintenance, and disclosure of consumer reports by CRAs, including public record information.

9. Defendant investigates and reviews public record databases and assembles and/or maintains consumer files, which contain public-record information concerning, among other things, the alleged criminal record history of individuals.

10. From its files, Defendant sells background consumer reports to potential employers wishing to review the criminal record history, or lack thereof, of job applicants.

11. The FCRA requires that a CRA such as Defendant follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *See* 15 U.S.C. § 1681e(b).

12. The FCRA additionally requires that, in the event a consumer disputes the accuracy or completeness of any item of information contained in their file, a CRA such as

Defendant, free of charge, must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, within thirty (30) days from the date the CRA receives the dispute. *See* 15 U.S.C. § 1681i(a).

13. Defendant refuses to reinvestigate the information disputed by a consumer unless the consumer first fills out a standardized Dispute Notification Form and provides certain documentation in every case. Only after Defendant receives that form and documentation will it commence its reinvestigation of the consumer's dispute.

14. Defendant thus imposes undue burdens and requirements on consumers who seek to correct inaccuracies in the information that Defendant reports about them.

15. Plaintiff incurred costs in filling out the Dispute Notification Form and mailing it back to Defendant with the documentary evidence required by Defendant.

16. Defendant has deliberately, willfully, intentionally, recklessly and negligently adopted a practice that disregards its duty of reinvestigation, in violation of the FCRA.

**B.    The Experience Of The Representative Plaintiff**

17. Unbeknownst to Ms. Ober, SentryLink prepared a background consumer report about her for employment purposes on or about October 2, 2015, which Defendant delivered to Cambridge Village of Apex, in Apex, North Carolina ("Cambridge") on that same day. Exhibit A.

18. Cambridge had requested that Defendant prepare a background consumer report about Plaintiff, which included a national criminal search, after Plaintiff sought employment with Cambridge on or about October 1, 2015.

19. The October 2, 2015 consumer background report prepared by Defendant about Plaintiff included criminal convictions from 2001, 2006 and 2009 for cocaine possession, drug

paraphernalia, panhandling, drinking in public, lewd and lascivious behavior and criminal mischief ("criminal records").

20.     The aforementioned criminal records did not belong to Plaintiff.  Instead, the criminal records concerned a "Robin Jones" and were all from Dade County, Florida.  Plaintiff has lived continuously in North Carolina since 1989.

21.     As a result of Defendant's inaccurate report, Cambridge advised Plaintiff that it could not give her any further consideration for employment.

22.     In a letter dated October 2, 2015, Cambridge advised Plaintiff that its decision not to hire her was the result of the SentryLink report.

23.     Cambridge provided Plaintiff with a copy of the report.

24.      Plaintiff is a U.S. Navy veteran with 11 years of service.  During that time, she had a top secret security clearance.  She has had background checks done with respect to other employment and never had a problem before the SentryLink report.

25.     The grossly inaccurate report compiled by Defendant and sold to Cambridge had an extreme and personally devastating effect on the Plaintiff, and caused her severe emotional distress.

26.     Upon notification from Cambridge that she would not be considered for employment due to the SentryLink report, Plaintiff attempted immediately to dispute to SentryLink the inaccurate information it reported about her by contacting SentryLink and informing it that the criminal records were not hers by telephoning SentryLink on October 5, 2015.

27.     Plaintiff spoke on the telephone with a SentryLink representative named Maria Heath.  Plaintiff was frantic about the inaccuracy and attempted to explain to Ms. Heath that the report was wrong in many respects.  Ms. Heath, in a loud voice overheard by Plaintiff's husband

4

who was present in the room, told Plaintiff to "shut up" and to listen to the procedure Plaintiff would have to follow if she wanted to submit a dispute to SentryLink.

28. Ms. Heath also told Plaintiff that SentryLink first ran Plaintiff's married name and Social Security number, and found no matches. Then she said that SentryLink checked a second time, using only Plaintiff's first name, middle initial and her maiden name, and found a hit. Ms. Heath further admitted that SentryLink did not use a date of birth or Social Security number to verify the hit, but reported it to Cambridge anyway.

29. In an email dated October 6, 2015, Defendant acknowledged Plaintiff's dispute and replied by sending Plaintiff the Dispute Notification Form. *See* Exhibit B hereto. Defendant stated that it would not investigate Plaintiff's dispute until "[a]fter we receive the dispute form and requested documents."

30. On or about October 27, 2015, to comply with Defendant's requirements, Plaintiff filled out and submitted the required Dispute Notification Form, included supporting documentation showing that she had resided in North Carolina during the time of the alleged offenses in Florida. Plaintiff incurred travel costs to obtain the documentation and to a post office to mail the dispute to SentryLink. Plaintiff also incurred costs associated with the copying of documents and the postage required to submit the dispute to SentryLink.

31. Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment. By imposing its own burdensome requirements on consumers who wish to dispute inaccurate information, Defendant's practices directly conflict with the purposes of the FCRA and harm consumer job applicants.

32. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

5

33. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V. CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action individually and as a class action for Defendant's violation of section 1681i(a) of the FCRA, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Class and Subclass:

> All natural persons residing within the United States and its Territories who were the subject of a consumer report prepared by Defendant within five (5) years prior to the filing of the Complaint and continuing through the conclusion of this action, for whom Defendant refused to conduct a reinvestigation of a dispute until and unless the consumer first filled out and returned a specific form furnished and required by Defendant (the "Class").

> All natural persons residing within the United States and its Territories who were the subject of a consumer report prepared by Defendant within five (5) years prior to the filing of the Complaint and continuing through the conclusion of this action, for whom Defendant refused to conduct a reinvestigation of a dispute until and unless the consumer first filled out and returned a specific form furnished and required by Defendant and who sent documents to Defendant (the "Subclass").

35. The Class and Subclass are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the hundreds or thousands. Defendant sells criminal record history information to hundreds of businesses throughout the country, and the Dispute Notification Form is a standardized, form document, produced by the same practices and procedures applicable to all subjects of the reports.

36. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include whether the Defendant violated section 1681i(a) of the FCRA by refusing to accept disputes of inaccurate

information until the disputing consumer had filled out and returned the Dispute Notification Form.

37. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

38. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

39. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI.     CLAIMS

### COUNT ONE – FCRA Section 1681i(a)
### Plaintiff and the Class v. Defendant

41.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.     Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

43.     Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

44.     The above-mentioned background reports are "consumer reports" as defined by section 1681a(d).

45.     Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for violating FCRA section 1681i(a) by failing to reinvestigate disputes by consumers in compliance with the FCRA by requiring consumers to fill out a certain form and return it to Defendant with documents supporting the dispute before Defendant will take any action to investigate the consumer's dispute.

### COUNT TWO – FCRA Section 1681e(b)
### Plaintiff v. Defendant

46.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47.     Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

48.     Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

49.     The above-mentioned background reports are "consumer reports" as defined by section 1681a(d) of the FCRA.

50. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for willfully and/or negligently violating FCRA section 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the report it sold about Plaintiff to Cambridge on October 2, 2015.

## VIII. JURY TRIAL DEMAND

51. Plaintiff demands trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of herself and the Class for the following:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c) That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d) That judgment be entered for actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and/or 1681o(a)(1);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or o; and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**GORDON, WOLF & CARNEY, CHTD**

BY: /s/Martin E. Wolf
MARTIN E. WOLF (Bar No. 09425)
102 W. Pennsylvania Avenue
Suite 402
Towson, MD 21204
Tel: (410) 825-2300
Fax: (410) 825-0066
mwolf@GWCfirm.com

**FRANCIS & MAILMAN, P.C.**
JOHN SOUMILAS*
DAVID A. SEARLES*
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Tel: (215) 735-8600

**BERGER & MONTAGUE, P.C.**
SHANON J. CARSON*
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3053
Facsimile: (215) 875-4604
scarson@bm.net

Dated: October 29, 2015    *Attorneys for Plaintiff*

\* *Pro Hac Vice* Applications to be submitted.